[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12139

_____

D.C. Docket No. 5:12-cv-00459-CAR

WASEEM DAKER,

Plaintiff-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 4, 2016)

Before WILLIAM PRYOR, ANDERSON, and PARKER,* Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

---

* Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

This appeal presents a question of first impression about the "three strikes" provision of the Prison Litigation Reform Act, which ordinarily denies *in forma pauperis* status to a prisoner who "on 3 or more prior occasions" brought a federal action or appeal that "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g). Waseem Daker is a state prisoner and a serial litigator in federal courts. Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts. In this lawsuit, the district court denied Daker's petition to proceed *in forma pauperis* because it concluded that he had six strikes under the Act. Two of Daker's earlier filings were dismissed for lack of jurisdiction, and the other four were dismissed for want of prosecution. In three of the four dismissals for want of prosecution, a judge of this Court determined that Daker could not proceed *in forma pauperis* because his filings were frivolous. But a single circuit judge cannot dismiss an action or appeal, Fed. R. App. P. 27(c); instead, panels of this Court dismissed Daker's filings because he failed to pay the filing fee, 11th Cir. R. 42-1(b). Although Daker is a serial litigant who has clogged the federal courts with frivolous litigation, we must follow the text of the Act, which does not classify his six prior dismissals for lack of jurisdiction and want of prosecution as strikes. We vacate the dismissal of Daker's complaint and remand for further proceedings.

2

## I. BACKGROUND

Waseem Daker is a Georgia prisoner serving a life sentence for murder. He was convicted in October 2012 after unsuccessfully representing himself at trial. Daker was in jail awaiting trial from 2010 to 2012, and he was in prison for aggravated stalking from 1996 to 2005.

In November 2012, Daker filed his current lawsuit against the Commissioner of the Department of Corrections and other officials for various violations of his civil rights. Along with his complaint, Daker filed a petition to proceed *in forma pauperis*. He also asked for a preliminary injunction requiring the prison to give him access to a law library.

In his petition to proceed *in forma pauperis*, Daker attested that he is indigent and cannot afford the filing fee. He swore that he has been unemployed since 2010, earned no income in the last year except for a $50 loan from his brother that the prison seized immediately, and has $0 in his checking, savings, and prison accounts. In terms of his assets, Daker disclosed that he owns a house that he purchased for $395,000 in 2005. Although his family still lives there, Daker attested that the house has "lost value" and that he is "unable to make [the] mortgage payments." As for his debts, Daker alleged that he owes $345,000 on his mortgage, $25,000 in student loans, $36,000 in attorney's fees, and $2,000 to the prison.

3

The Commissioner filed a motion to dismiss the complaint. The Commissioner argued that Daker is ineligible to proceed *in forma pauperis* for two reasons: he had at least three strikes under the Act when he filed his complaint and he is not indigent.

The Commissioner identified six previous filings by Daker. Two were dismissed for lack of jurisdiction: *Daker v. Head*, No. 01-14624 (11th Cir. Jan. 25, 2002), an interlocutory appeal from a civil lawsuit that this Court dismissed "for lack of jurisdiction"; and *Aziyz v. Tremble*, No. 05-11696 (11th Cir. May 9, 2005), an interlocutory appeal from a civil lawsuit that this Court dismissed "for lack of jurisdiction." Four were dismissed for want of prosecution: *Daker v. Barrett*, No. 03-15771 (11th Cir. July 26, 2004), an appeal from a civil lawsuit that this Court dismissed "for want of prosecution because [Daker] has failed to file [an] appellant brief within the time fixed by the rules"; *In re Daker*, No. 12-12073 (11th Cir. July 12, 2012), a petition for a writ of mandamus that this Court dismissed "for want of prosecution" under Eleventh Circuit Rule 42-1(b) "because . . . Daker failed to pay the $450 docket fee . . . within the time fixed by the rules"; *In re Daker*, No. 12-12072 (11th Cir. Aug. 6, 2012), a petition for a writ of mandamus and habeas corpus that this Court dismissed "for want of prosecution" under Rule 42-1(b) "because . . . Daker failed to pay the $450 docket fee . . . within the time fixed by the rules"; and *Georgia v. Daker*, No. 12-12519 (11th Cir. Nov. 5, 2012),

4

an appeal from a remand order that this Court dismissed "for want of prosecution" under Rule 42-1(b) "because . . . Daker has failed to pay the filing and docketing fees . . . within the time fixed by the rules." In the last three dismissals, a single judge of this Court denied Daker's petitions to proceed *in forma pauperis* because his filings were "frivolous."

The Commissioner also submitted material to prove that Daker could not proceed *in forma pauperis* because he is not indigent. The Commissioner submitted a "Zestimate" from Zillow.com, which valued Daker's house at $489,217—contradicting his assertion that his house has "lost value." The Commissioner also submitted a report and recommendation from Magistrate Judge Scofield in a separate case. Judge Scofield stated that Daker owns a house "worth substantially more than its mortgage." Judge Scofield also doubted that Daker's other debts were real because Daker never disclosed them in his previous petitions to proceed *in forma pauperis*. Daker's alleged debt for attorney's fees was "all the more dubious," according to Judge Scofield, "because Daker represented himself at his murder trial, and the court-appointed backup counsel were court-paid."

On February 25, 2014, a magistrate judge agreed with both of the Commissioner's arguments and recommended denying Daker's petition to proceed *in forma pauperis*. The district court adopted the report and recommendation of the magistrate judge on March 24, 2014. The district court stated that Daker "ha[d] not

filed an objection" to the report of the magistrate judge. Because Daker could not proceed *in forma pauperis* and had not paid the filing fee, the district court dismissed his complaint without prejudice. It also denied his request for a preliminary injunction because Daker provided "no facts regarding his current access to legal materials" and no explanation of how he suffered an injury.

Although the district court concluded that Daker had not objected to the report and recommendation of the magistrate judge, Daker *had* objected in a filing dated March 13, 2014. The district court missed this filing because it did not arrive until April 4, 2014—11 days after the district court dismissed Daker's complaint. In the March 13 filing, Daker objected to the report and recommendation of the magistrate judge on several grounds. With respect to his indigence, Daker argued that the magistrate judge should not have relied on the report from Judge Scofield because it was an "extrajudicial" source. He also disagreed with the suggestion by Judge Scofield that he did not owe attorney's fees; Daker alleged that the state court required him to "reimburse the county for court-appointed counsel" as part of his sentence. Daker further objected to the Zestimate from Zillow.com because it was unreliable and "inflated." Contrary to the Zestimate, Daker argued that comparable houses in his neighborhood had recently sold for $330,000, $320,000, $285,900, $310,000, $285,000, and $290,000—all less than the $345,000 he owes

6

on his mortgage. Finally, Daker cited several orders in which other courts found that he was indigent on "the same facts" he alleged in his current petition.

## II. STANDARDS OF REVIEW

We review the denial of a petition to proceed *in forma pauperis* for abuse of discretion, *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004), but we review interpretations of the Act *de novo*, *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). We review the denial of a preliminary injunction for abuse of discretion. *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011).

## III. DISCUSSION

We divide our discussion in two parts. First, we explain why the district court erred when it concluded that Daker had three or more strikes under the Act. Second, we explain why the district court abused its discretion when it found that Daker is not indigent. Although Daker also complains about the denial of his motion for a preliminary injunction, we see no abuse of discretion and do not discuss the issue further.

### A. *The District Court Erred When It Concluded that Daker Had Six Strikes.*

The Commissioner contends that Daker's six dismissals for lack of jurisdiction and want of prosecution qualify as strikes under the Act. For this and any other question of statutory interpretation, our predecessor court endorsed

7

Justice Frankfurter's three-part test: "(1) Read the statute; (2) read the statute; (3) read the statute!" *Dobbs v. Costle*, 559 F.2d 946, 948 n.5 (5th Cir. 1977) (quoting Henry J. Friendly, *Mr. Justice Frankfurter and the Reading of Statutes*, in *Benchmarks* 196, 202 (1967)). Applying that test resolves this appeal.

The three-strikes provision of the Act bars a prisoner who is not in danger of physical injury and has had three frivolous, malicious, or meritless filings from proceeding *in forma pauperis*:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Three specific grounds render a dismissal a strike: "frivolous," "malicious," and "fails to state a claim upon which relief may be granted." Under the negative-implication canon, these three grounds are the *only* grounds that can render a dismissal a strike. *See* Antonin Scalia & Bryan A. Garner, *Reading Law* 107–11 (2012). Neither "lack of jurisdiction" nor "want of prosecution" are enumerated grounds, so a dismissal on either of those bases, without more, cannot serve as a strike. Other circuits agree. *See Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011); *Thompson v. DEA*, 492 F.3d 428, 437 (D.C. Cir. 2007); *Butler v. DOJ*, 492 F.3d 440, 443–44 (D.C. Cir. 2007); *Tafari v. Hues*, 473

8

F.3d 440, 442–44 (2d Cir. 2007); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Commissioner argues that Daker's filings were frivolous, but we cannot conclude that an action or appeal "was dismissed on the grounds that it is frivolous" unless the dismissing court made some express statement to that effect. By using the phrase "was dismissed" in the past tense and the phrase "on the grounds that," the Act instructs us to consult the *prior* order that dismissed the action or appeal and to identify the *reasons* that the court gave for dismissing it. We cannot conclude that an action or appeal "was dismissed on the grounds that it is frivolous" based on our *present-day* determination that the action or appeal was frivolous or based on our conclusion that the dismissing court *could have* dismissed it as frivolous. We must interpret the order of dismissal and figure out what the dismissing court actually did.

Daker's appeals were not dismissed as frivolous. Our prior orders instead dismissed his filings for "lack of jurisdiction" and "want of prosecution." A dismissal for want of prosecution says nothing about the underlying merits of the appeal, *see Butler*, 492 F.3d at 443–44; it means only that the appellant failed to comply with our internal rules, *see* 11th Cir. R. 42-1(b). Similarly, a dismissal for lack of jurisdiction ordinarily does not—indeed, cannot—express any view on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). And

9

a dismissal for lack of jurisdiction, without more, does not prove that the appellant's assertion of jurisdiction was itself frivolous. The Supreme Court has explained the difference between an assertion that is frivolous and an assertion that is wrong. *See Neitzke v. Williams*, 490 U.S. 319, 326–29 (1989). An assertion is not "frivolous" unless it "lacks an arguable basis either in law or in fact." *Id.* at 325. All we can deduce from a mere dismissal for lack of jurisdiction is that the prisoner's assertion of jurisdiction was wrong; we cannot know whether the dismissing court concluded that the higher standard for frivolousness was satisfied unless the court expressly says so. Of course, the dismissing court does not need to invoke any magic words or even use the word "frivolous," *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), although such language certainly aids our review, *see Martinez*, 364 F.3d at 1308. But the dismissing court must give some signal in its order that the action or appeal was frivolous. *See Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Our prior orders gave no such signal.

True, three of the dismissals for want of prosecution—*In re Daker*, No. 12-12073; *In re Daker*, No. 12-12072; and *Georgia v. Daker*, No. 12-12519—were dismissed *after* a single judge of this Court denied Daker's petitions to proceed *in forma pauperis* because his arguments were "frivolous." Two of our sister circuits have held that this sequence of events results in a strike. *See Hafed v. Fed. Bureau*

10

*of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011); *Thompson*, 492 F.3d at 433. The D.C. and Tenth Circuits reason that the judge's "determination that the appeal . . . was frivolous when [he] denied appellant's motion for [*in forma pauperis*] can properly be termed the 'but for' cause of [the] court's subsequent dismissal." *Hafed*, 635 F.3d at 1179 (quoting *Thompson*, 492 F.3d at 433). Any other reading of the Act would be "hypertechnical," according to our sister circuits. *Id.* (quoting *Thompson*, 492 F.3d at 433). We respectfully disagree.

A dismissal for want of prosecution, even after the denial of a petition to proceed *in forma pauperis* on the grounds of frivolousness, cannot be a strike under the Act. Petitions for permission to proceed *in forma pauperis* are typically decided by a single judge. *See* 11th Cir. R. 27-1(d)(3). When a single judge concludes that a prisoner is ineligible to proceed *in forma pauperis*, the judge enters an order "denying" the prisoner's petition, not an order "dismissing" the action or appeal. That distinction is important because, under the Federal Rules of Appellate Procedure, a single judge "may not dismiss or otherwise determine an appeal or other proceeding." Fed. R. App. 27(c). Only a *panel* of this Court can dismiss a petition or appeal. With respect to Daker, panels of this Court dismissed his filings for "want of prosecution" under Eleventh Circuit Rule 42-1(b) because he failed to pay the filing fee. Nothing in those orders suggested that the panels agreed with the single judges that Daker's arguments were frivolous. On the

11

contrary, both our internal rules and the Act allow a panel to dismiss an action or appeal as "frivolous," 11th Cir. R. 42-4; 28 U.S.C. § 1915(e)(2)(B)(i), but the orders dismissing Daker's filings invoked neither provision.

We find the contrary reasoning of our sister circuits regarding single-judge orders unpersuasive. The D.C. and Tenth Circuits reason that the single judge's denial of the petition to proceed *in forma pauperis* on the grounds of frivolousness is the "but for" cause of the panel's dismissal of the appeal for want of prosecution. *Hafed*, 635 F.3d at 1179; *Thompson*, 492 F.3d at 433. But the concept of but-for causation appears nowhere in the text of the Act. As explained, the Act uses the phrase "was dismissed on the grounds that," which instructs us to find the order of dismissal and identify the grounds for that order. The Act is concerned with the grounds articulated in the order, not the sequence of events that may have "caused" the dismissal. This reading is not "hypertechnical," *Hafed*, 635 F.3d at 1179 (quoting *Thompson*, 492 F.3d at 433); it is the natural one.

Even if but-for causation were somehow relevant under the Act, the denial of Daker's petitions to proceed *in forma pauperis* was not the but-for cause of his dismissals. The but-for cause was his failure to pay the filing fee. When his petitions to proceed *in forma pauperis* were denied on the grounds of frivolousness, this Court notified Daker that he had 14 days to pay the filing fee or else his filings would be dismissed by the clerk. *See* 11th Cir. R. 42-1(b). This

12

waiting period was not a charade: if Daker had paid the filing fee on time, then a three-judge panel would have had to determine anew whether his filing was frivolous. Daker's failure to pay the filing fee, not the frivolity determinations by the judges who denied his petitions to proceed *in forma pauperis*, was the but-for cause of his dismissals for want of prosecution.

We acknowledge that our interpretation does not further the "purpose" of "deter[ring] frivolous suits," *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016). Our interpretation means that a prisoner can file unlimited frivolous appeals and avoid getting strikes by declining to prosecute the appeals after his petitions to proceed *in forma pauperis* are denied. *See Butler*, 492 F.3d at 444. But "even the most formidable argument concerning the statute's purposes could not overcome the clarity we find in the statute's text." *Nichols v. United States*, 136 S. Ct. 1113, 1119 (2016) (quoting *Kloeckner v. Solis*, 133 S. Ct. 596, 607 n.4 (2012)). We must interpret the statute that Congress enacted, not rewrite the text to match our intuitions about unstated congressional purposes.

The district court erred when it concluded that Daker had three or more strikes under the Act. The six dismissals identified by the Commissioner are not strikes under the plain meaning of the text. We express no view on whether Daker has any other strikes. We also express no opinion as to whether one or more of the six dismissals might have failed to qualify as strikes for other reasons. We hold

13

only that the district court erred when it relied on the two dismissals for lack of jurisdiction and the four dismissals for want of prosecution to conclude that Daker was ineligible to proceed *in forma pauperis*.

### B. The District Court Abused Its Discretion When It Found that Daker Is Not Indigent.

The second reason that Daker was ineligible to proceed *in forma pauperis*, according to the district court, was that he is not indigent. The Commissioner defends this alternative ruling on appeal, but the only argument he makes in his brief is that Daker "failed to object" to the report of the magistrate judge. The Commissioner is mistaken.

Daker objected to the report and recommendation of the magistrate judge in his March 13 filing, and that filing was timely. "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Daker signed his objections on March 13, 2014—16 days after the magistrate judge issued the report and recommendation. The deadline was 17 days, *see* Fed. R. Civ. P. 72(b)(2), 6(d), so Daker's objections were timely.

14

Because the district court missed Daker's objections, it never considered his arguments about his indigence. Accordingly, it abused its discretion by denying his petition to proceed *in forma pauperis* on that basis. *See Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989). We remand so that the district court can consider Daker's arguments in the first instance. We express no view about his arguments or whether he is indigent.

## IV. CONCLUSION

We **VACATE** the dismissal of Daker's complaint and **REMAND** for further proceedings.