[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15358

_____

D.C. Docket No. 1:13-cv-22818-KMW

DAVID CHARLES SUSSMAN,

Plaintiff-Appellant,

versus

SGT. TREVOR HAMPTON,
ASST. WARDEN M. BOAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2017)

Before JULIE CARNES and FAY, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

_____

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade,
sitting by designation.

David Charles Sussman, a Florida prisoner, appeals the dismissal of his pro se 42 U.S.C. § 1983 complaint under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  In dismissing Sussman's complaint, the district court relied on *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), which the court concluded applies retroactively.  On appeal, Sussman argues that *Coleman* only applies prospectively.  Alternatively, he contends that the district court erred by dismissing his complaint without affording him the opportunity to pay the filing fee.  Because *Coleman* applies retroactively and Sussman failed to raise his second argument before the district court, we affirm.

## I. BACKGROUND

Sussman filed his complaint in 2013, alleging that Sergeant Trevor Hampton encouraged an inmate to assault him in December 2010 and beat him in December 2010 and March 2011.  He asserted that Assistant Warden Marie Boan was aware of the events that took place in December and the fact that he was housed under Sergeant Hampton's supervision in March, but she did nothing to stop the abuse. He conceded that he previously had filed four lawsuits that were dismissed as frivolous or for failure to state a claim; however, he argued that two of these cases did not count as strikes under § 1915(g) because they were pending on appeal. Sussman also filed a motion for leave to proceed *in forma pauperis*, which the district court granted.

2

After the district court granted Sussman leave to proceed *in forma pauperis* and ordered service on the defendants, the Supreme Court issued its decision in *Coleman*, holding that a prior dismissal under one of the grounds enumerated in § 1915(g) "counts as a strike even if the dismissal is the subject of an appeal." *Coleman*, 135 S. Ct. at 1763. Sergeant Hampton and Assistant Warden Boan subsequently filed a motion to dismiss, arguing that, under *Coleman*, each of Sussman's prior dismissals counted as a strike.

A magistrate judge issued a report and recommendation, recommending that the district court dismiss Sussman's complaint under § 1915(g). In light of *Coleman*, the magistrate judge determined the fact that Sussman's appeals were not resolved until after he filed the instant complaint was irrelevant to whether he was a three-striker. Because Sussman had filed three or more suits that were dismissed under a statutorily enumerated ground, he was barred from proceeding *in forma pauperis*. Sussman objected to the report and recommendation, arguing that *Coleman* did not apply retroactively given the circumstances of his case. He did not request permission to pay the filing fee in order to avoid dismissal.

The district court granted the defendants' motion to dismiss. Applying the three-factor test set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S. Ct. 349 (1971), the district court concluded that the first factor—whether *Coleman* established a new principle of law by overruling clear past precedent or by

3

resolving an issue of first impression whose resolution was not clearly foreshadowed—weighed against retroactive application. On the other hand, retroactively applying *Coleman* would further the purpose of the three-strikes provision by conserving judicial resources and limiting frivolous and abusive filings. Finally, the court found that applying *Coleman* retroactively would not be inequitable. Accordingly, the court determined that *Coleman* applies retroactively and dismissed Sussman's complaint. Sussman filed this timely appeal.

## II. DISCUSSION

We review de novo a district court's interpretation of the PLRA. *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1227 (2017). We may affirm the district court for any reason supported by the record, even if not relied upon by the district court. *Wright v. City of St. Petersburg*, 833 F.3d 1291, 1294 (11th Cir. 2016).

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action or appeal a judgment in a civil proceeding *in forma pauperis* if the prisoner has, on three or more prior occasions while incarcerated or detained, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim, unless the prisoner is in imminent danger of

4

serious physical injury.[1]  28 U.S.C. § 1915(g).  Prior to 2015, the majority of circuits had determined that a dismissal on one of the statutorily enumerated grounds did not count as a strike while an appeal of that dismissal remained pending.  *Coleman*, 135 S. Ct. at 1762.  We had not decided the issue.

In May 2015, the Supreme Court held "that a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending."  *Id.* at 1765.  The Court concluded, "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.  That, after all, is what the statute literally says."  *Id.* at 1763.  The Court noted that the three-strikes provision was "designed to filter out the bad claims and facilitate consideration of the good."  *Id.* at 1764 (quoting *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 914 (2007)).  "To refuse to count a prior dismissal because of a pending appeal would produce a leaky filter," as it would allow a prisoner to file many additional lawsuits while his appeal of a prior dismissal was pending.  *Id.*

Generally, a new rule of law is retroactively applicable.  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 544 (11th Cir. 2002) (en banc).  In *Chevron Oil*, the Supreme Court set forth a three-factor test to determine whether a decision may instead only apply prospectively.  *Chevron Oil*, 404 U.S. at 106-07,

---

[1] Sussman has not argued before the district court or on appeal that he was in imminent danger of serious physical injury.

92 S. Ct. at 355.  To apply prospectively, the decision must establish a new principle of law, "either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed."  *Id.* at 106, 92 S. Ct. at 355 (citation omitted).  Next, we look to the purpose of the rule in question and whether retroactive application would further or hinder its operation.  *Id.* at 106-07, 92 S. Ct. at 355.  Finally, we consider whether retroactive application of the rule would be inequitable.  *Id.* at 107, 92 S. Ct. at 355.  The second and third prongs of the *Chevron Oil* test are objective inquiries that examine the impact of a newly announced rule on the entire class of people potentially affected by the new rule.  *Glazner v. Glazner*, 347 F.3d 1212, 1219 (11th Cir. 2003) (en banc).

When the Supreme Court applies a rule of federal law to the parties before it, every court is required to give retroactive effect to that decision.  *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 90, 113 S. Ct. 2510, 2513 (1993).  "[T]he legal imperative to apply a rule of federal law retroactively after the case announcing the rule has already done so must prevail over any claim based on a *Chevron Oil* analysis."  *Id.* at 98, 113 S. Ct. at 2518 (alteration and internal quotation marks omitted).

In the instant appeal, the parties dispute whether *Harper* mandates the retroactivity of *Coleman*.  We need not decide the issue, however, because

6

*Coleman* is retroactively applicable regardless of whether *Harper* or *Chevron Oil* applies. Assuming that *Harper* controls, *Coleman* is retroactively applicable no matter whether the *Chevron Oil* factors favor retroactivity or prospectivity. *See id.* Assuming instead that the *Chevron Oil* test applies,[2] the factors as a whole weigh in favor of retroactivity.

As to the first *Chevron Oil* factor, *Coleman* established a new rule of federal law because the Court decided an issue of first impression: whether a prior dismissal on a statutorily enumerated ground counts as a strike if the dismissal is the subject of an appeal. *See Coleman*, 135 S. Ct. at 1763. While the Supreme Court indicated that its conclusion flowed from the literal language of § 1915(g), this does not mean that the resolution of the issue was clearly foreshadowed, given that the Court sided with the minority view among the Circuit Courts of Appeals. *See id*. at 1762-63. Accordingly, the first *Chevron Oil* prong is satisfied and weighs in favor of applying *Coleman* prospectively. *See Chevron Oil*, 404 U.S. at 106, 92 S. Ct. at 355.

The second *Chevron Oil* factor, by contrast, weighs in favor of retroactivity. The purpose of the three-strikes provision of the PLRA is to curtail abusive prisoner litigation and conserve judicial resources. *Rivera v. Allin*, 144 F.3d 719,

---

[2] *See Glazner*, 347 F.3d at 1216-17 ("Although prospectivity appears to have fallen into disfavor with the Supreme Court, the Court has clearly retained the possibility of pure prospectivity and, we believe, has also retained the *Chevron Oil* test, albeit in a modified form, as the governing analysis for such determinations in civil cases." (citations omitted)).

727 (11th Cir. 1998), *abrogated on other grounds by Jones*, 549 U.S. 199, 127 S.

Ct. 910.  The three-strikes provision fulfills this purpose by preventing prisoners

from filing lawsuits *in forma pauperis* if they previously have filed three or more

suits that were dismissed as frivolous or malicious or for failure to state a claim.

*See* 28 U.S.C. § 1915(g).  Applying *Coleman* retroactively would further the

purpose of § 1915(g) because it would preserve judicial resources and curtail

lawsuits filed by prisoners who have abused the legal system.  *See Rivera*, 144

F.3d at 727.  Applying *Coleman* prospectively, on the other hand, would require

the expenditure of additional judicial resources litigating cases such as this one.  It

also would produce a "leaky filter," as it would allow certain three-strikers (those

who appealed one or more prior qualifying dismissals) to pursue civil lawsuits *in*

*forma pauperis*, which is precisely what § 1915(g) was designed to prevent.  *See*

28 U.S.C. § 1915(g); *Coleman*, 135 S. Ct. at 1764.  Thus, the second *Chevron Oil*

factor weighs in favor of retroactivity.  *See Chevron Oil*, 404 U.S. at 106-07, 92 S.

Ct. at 355.

　　Applying *Coleman* retroactively also would not be sufficiently inequitable to

warrant prospective application.  While Sussman argues that it is "simply unfair"

to tell litigants who "have spent considerable time and energy pursuing their

claims[ ] that they never should have been allowed to proceed at all,"[3] applying

---

[3] Appellant's Br. 19.

8

*Coleman* retroactively would only result in the revocation of a procedural privilege for affected prisoners.  *See Rivera*, 144 F.3d at 724 ("[P]roceeding [*in forma pauperis*] in a civil case is a privilege, not a right.").  Moreover, litigants who would be affected by our decision to apply *Coleman* retroactively—i.e., three-strikers in Florida, Georgia, and Alabama who filed a fourth or subsequent lawsuit while their appeals of one or more strikes remained pending—did not rely on any of our prior cases when deciding whether to proceed in their latest lawsuits, as we had not decided whether a prior dismissal counts as a strike when it is pending on appeal.  *Cf. Wagner*, 314 F.3d at 545 (concluding that the third *Chevron Oil* factor weighed in favor of prospective application of a new rule because some of the affected "plaintiffs likely relied upon [one of our prior decisions] in determining whether to seek leave to amend before the district court or to appeal the dismissal" of their complaints).  Therefore, on balance, the *Chevron Oil* test does not weigh sufficiently in favor of prospectivity to "justify abandoning the 'presumptively retroactive effect'" of *Coleman*.  *See Glazner*, 347 F.3d at 1221 (quoting *Harper*, 509 U.S. at 96, 113 S. Ct. at 2517).

Finally, we do not reach Sussman's argument that the district court improperly dismissed his complaint without allowing him to pay the filing fee, as he failed to raise the issue before the district court.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Although Sussman proceeded

9

pro se at the district court level, even pro se litigants must raise before the lower court any issues they wish to argue on appeal. *See Albra v. Advan, Inc.*, 490 F.3d 826, 828 n.1 (11th Cir. 2007) (refusing to consider arguments that a pro se litigant failed to present in the district court).  In light of the foregoing, we affirm the district court's dismissal of Sussman's complaint.

**AFFIRMED.**