[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 15-10176; 15-10144
Non-Argument Calendar
_____

D.C. Docket Nos. 6:14-cv-00047-BAE-JEG,
6:14-cv-00047-BAE-JEG

WASEEM DAKER,

Plaintiff - Appellant,

versus

PATRICK HEAD,
JESSE D. EVANS,
MARY E. STALEY,
BRIAN OWENS,
TIMOTHY WARD, et al.,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(April 6, 2018)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, who is incarcerated and proceeding *pro se*, appeals the district court's dismissal of his complaint alleging that prison and county officials infringed his constitutional rights in violation of 42 U.S.C. § 1983. The district court dismissed Daker's complaint after concluding that he could not proceed *in forma pauperis* because at least three of his previous filings counted as strikes under the Prison Litigation Reform Act's ("PLRA") "three strikes" provision, 28 U.S.C. § 1915(g). The district court alternatively dismissed Daker's complaint because he improperly joined unrelated defendants and claims. After careful review, we vacate and remand.

## I.    BACKGROUND

Daker filed his § 1983 complaint against thirty two Cobb County and Georgia Department of Corrections officials, alleging violations of his constitutional rights resulting from the conditions of his confinement. He requested damages, a declaratory judgment that the defendants' actions violated his constitutional rights, and injunctive relief. As a matter of course, Daker filed an amended complaint incorporating all of the allegations in his original complaint and asserting additional constitutional violations. He also filed three motions for preliminary injunctions.

A magistrate judge granted Daker leave to proceed *in forma pauperis*, but later vacated the order after concluding that Daker had violated the PLRA's three strikes provision, which provides:

> In no event shall a prisoner bring a civil action . . . [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The magistrate judge concluded that four of Daker's previous filings had been dismissed because they were "frivolous, malicious, or fail[ed] to state a claim," and therefore counted as strikes under the PLRA:

> (1) *In re Daker*, No. 11-11937 (11th Cir. filed Apr. 29, 2011),
> (2) *Georgia v. Daker*, No. 12-12519 (11th Cir. filed May 9, 2012),
> (3) *In re Daker*, No. 12-12073 (11th Cir. filed Apr. 19, 2012), and
> (4) *Daker v. Mokwa*, No. 2:14-cv-395 (C.D. Cal. filed Jan. 16, 2014)

Doc. 13 at 2 (quoting 28 U.S.C. § 1915(g)).[1]  Based on these purported strikes, the magistrate judge concluded that Daker could not proceed *in forma pauperis* and recommended that the district court dismiss Daker's amended complaint without prejudice.  Alternatively, the magistrate judge recommended dismissal of Daker's amended complaint for improper joinder because Daker had not shown how "his various claims against the various [d]efendants from several penal institutions [were] related."  *Id.* at 5.

---

[1] All citations in the form "Doc. #" refer to the district court docket entries.

3

The district court adopted the magistrate judge's recommendations over Daker's objections, dismissed Daker's amended complaint without prejudice, and—because Daker could not proceed on his claims—denied his motions for preliminary injunctions. Daker then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The district court denied this motion, concluding that Daker had "failed to provide any new argument or evidence." Doc. 34 at 2.

Daker filed two notices of appeal. The first designated the district court's order dismissing his amended complaint. The second designated the district court's order denying his Rule 59(e) motion. This is Daker's consolidated appeal.

## II.    STANDARDS OF REVIEW

We review interpretations of the PLRA *de novo*. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). We also review *de novo* the district court's construction of the Federal Rules of Civil Procedure. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). But we review for abuse of discretion the denial of a motion for preliminary injunction. *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011).

## III.    DISCUSSION

**A.    The District Court Erred by Dismissing Daker's Amended Complaint Under the PLRA's Three Strikes Provision.**

Daker first argues that the district court erred in concluding that he had three or more strikes under the PLRA.  We recently held that six of Daker's previous filings do not count as strikes.  *Daker v. Comm'r, Ga. Dep't. of Corrs.*, 820 F.3d 1278, 1284-85 (11th Cir. 2016).  Among these filings were two that the district court relied upon as strikes in this case:  *In re Daker*, No. 12-12073 (11th Cir. filed Apr. 19, 2012), and *Georgia v. Daker*, No. 12-12519 (11th Cir. filed May 9, 2012).  *Daker v. Comm'r*, 820 F.3d at 1282, 1286.  Under *Daker v. Commissioner*, the district court erred in counting these two filings as strikes.  *Id.*

The district court also erred in concluding that a third filing, *In re Daker*, No. 11-11937 (11th Cir. filed Apr. 29, 2011), counted as a strike.  That filing was dismissed "pursuant to [Daker's] motion for voluntary dismissal," *In re Daker*, No. 11-11937 (11th Cir. Aug. 24, 2011), not because it was "frivolous, malicious, or fail[ed] to state a claim upon which relief [could] be granted," 28 U.S.C. § 1915(g).  True, before Daker moved for voluntary dismissal, a single judge of this Court denied Daker's motion to proceed *in forma pauperis* because Daker's arguments were "frivolous."  *In re Daker*, No. 11-11937 (11th Cir. June 3, 2011).  But we have held that a single judge's denial of a motion to proceed *in forma pauperis* on the ground of frivolousness does not automatically transform a filing into a strike

because "a single judge 'may not dismiss or otherwise determine an appeal or other proceeding.'" *Daker v. Comm'r*, 820 F.3d at 1285 (quoting Fed. R. App. P. 27(c)). Instead, the dispositive question is why the filing was *dismissed*. Daker voluntarily dismissed *In re Daker*, No. 11-11937 (11th Cir. Aug. 24, 2011), so the district court erred in concluding that it counted as a strike.

The district court did not err, however, in concluding that the fourth filing, *Daker v. Mokwa*, No. 2:14-cv-395 (C.D. Cal. filed Jan. 16, 2014), counted as a strike. A previous filing counts as a strike if it was dismissed with "some express statement" of frivolity. *Daker v. Comm'r*, 820 F.3d at 1284. In *Mokwa*, the district court dismissed Daker's complaint because his claims were "speculative and frivolous." *Daker v. Mokwa*, No. 2:14-cv-395 (C.D. Cal. Mar. 19, 2014). As a result, the district court properly counted *Mokwa* as a strike.

Because three of the four previous filings that the district court relied upon cannot count as strikes according to our decision in *Daker v. Commissioner*, 820 F.3d 1278, the district court erred in concluding that Daker had three or more strikes under the PLRA.[2] The district court therefore erred in dismissing Daker's complaint for failure to pay the filing fee.

---

[2] We express no opinion on whether Daker has any strikes beyond the filings identified by the district court.

**B.    The District Court Abused Its Discretion by Dismissing Daker's Amended Complaint for Improper Joinder.**

The district court alternatively dismissed Daker's amended complaint because he alleged unrelated claims against unrelated defendants.  Daker argues that this, too, was error.

"Persons . . . may be joined in one action as defendants" as long as (1) the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the underlying action, and (2) "[a] question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  Even if a plaintiff joins defendants in contravention of this rule, however, the proper remedy is for the district court to dismiss those defendants or sever the plaintiff's claims against them.  Fed. R. Civ. P. 21.  "Misjoinder of parties is not a ground for dismissing an action."  *Id.*

Here, the district court misapplied Rule 21 by dismissing Daker's amended complaint in its entirety.  Even though it appears that Daker asserted unrelated claims against unrelated defendants, the district court should have exercised its authority under Rule 21 *sua sponte* to dismiss improper defendants and sever unrelated claims.  By instead dismissing Daker's amended complaint in its entirety, the district court abused its discretion.[3]

---

[3] Because we hold that the district court erred in dismissing Daker's amended complaint, we need not address whether the district court also erred in denying Daker's Rule 59(e) motion.

7

**C.    The District Court Abused Its Discretion by Denying Daker's Motions for Preliminary Injunctions.**

When the district court denied Daker's motions for preliminary injunctions, it reasoned only that Daker "c[ould not] proceed with this cause of action." Doc. 13 at 5. Because this reasoning was erroneous for the reasons discussed above, the district court abused its discretion when it denied Daker's motions for preliminary injunctions.

## IV.    CONCLUSION

For the foregoing reasons, we vacate the district court's order dismissing Daker's amended complaint and denying his motions for preliminary injunctions and remand for reconsideration of whether Daker may proceed *in forma pauperis*.[4]

**VACATED and REMANDED.**

---

[4] Daker's Motion for Preliminary Injunction and Second Motion for Preliminary Injunction are DENIED.