[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14283
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-22579-KMM

LOUIS ANDREW WOOD,

Plaintiff-Appellant,

versus

J. WILLIAMS,
Ex-Assistant Warden/Grievance Coordinator, Dade
Correctional Institution, in his individual capacity,
L. NORWOOD,
Ex-Assistant Warden/Grievance Coordinator, Dade
Correctional Institution, in his individual capacity,
N. THORTON,
Ex-Librarian, Dade Correctional Institution, in her
individual capacity,
O. LAFONT, Pharmacy technician, Dade Correctional Institution, in his
individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2018)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Louis Wood, a prisoner proceeding pro se, appeals the district court's dismissal of his complaint under the three strikes provision of the Prison Litigation Reform Act ("PLRA"). Wood argues that the district court shouldn't have dismissed his complaint, because he has, at most, two strikes against him. The record is in accord with Wood's view of the case.

We review de novo interpretations of the PLRA, including whether prior civil actions count as strikes under 28 U.S.C. § 1915(g). See Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1283–86 (11th Cir. 2016). The three strikes provision of the PLRA says:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the text of § 1915(g) makes clear, a dismissal qualifies as a strike only if it was based on a finding of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted. See Daker, 820 F.3d at 1283–84.

2

By our count, Wood has filed seven civil suits.  At most, only two of those suits count as strikes.  Wood concedes that Wood v. Bronson, 6:97-cv-01250-PCF (M.D. Fla. Jan. 6, 1998), is a strike, as the district court found.  The docket reveals that it was dismissed as frivolous.  Id.  Next, Wood argues that Wood v. Sadd, 8:06-cv-00817-JSM-TBM (M.D. Fla. June 6, 2006), does not count as a strike, even though it was dismissed for failure to state a claim.  Since Wood has not offered any argument aside from his belief that the district court got it wrong, we reject that argument and conclude the district court properly counted Wood v. Sadd as a strike.  See Daker, 820 F.3d at 1284 ("We must interpret the order of dismissal and figure out what the dismissing court actually did.").

None of Wood's other suits count as strikes.  Wood v. Orange Cty. Corr. Div., et al., 6:97-cv-01249-PCF (M.D. Fla. Jan. 6, 1998), was dismissed for failure to follow IFP motion procedures, as opposed to one of the bases set by the PLRA.  Wood v. Does, et al., 6:97-cv-01436-ACC (M.D. Fla. Feb. 1, 1999), was dismissed for want of prosecution, which does not qualify as a strike.  Daker, 820 F.3d at 1285 ("A dismissal for want of prosecution . . . cannot be a strike under the [PLRA].").  Wood v. Decker, 6:98-cv-00152-PCF (M.D. Fla. Feb. 19, 1998), was dismissed for lack of jurisdiction, which is not a strike.  See Daker, 820 F.3d at 1284 ("All we can deduce from a mere dismissal for lack of jurisdiction is that the prisoner's assertion of jurisdiction was wrong; we cannot know whether . . .

3

the higher standard for frivolous was satisfied unless the court says so."). In Wood v. Todd, et al, 6:98-cv-00158-ACC (M.D. Fla. Nov. 11, 1998), the district court granted summary judgment for the defendants, which is distinct from a finding of frivolousness or a dismissal for failure to state a claim and, thus, is not an "enumerated ground[]" under § 1915(g). See Daker, 820 F.3d at 1284. This means that Wood v. Todd, et al. is not a strike, in contrast to the district court's finding to the contrary. See Daker, 820 F.3d at 1283–84.

Finally, Wood's only other civil suit—Wood v. Moore, et al., 6:99-cv-00904-GKS-DAB (M.D. Fla. Sept. 12, 2001), a 28 U.S.C. § 2254 petition challenging Wood's state criminal conviction, which was dismissed with prejudice—does not count as a strike. In Anderson v. Singletary, 111 F.3d 801 (11th Cir. 1997), this Court held that another sub-section of the PLRA, 28 U.S.C. § 1915(a)(2), does not apply in proceedings under 28 U.S.C. § 2254. Id. at 806. Based on a review of the entire statute, including the three strikes provision, § 1915(g), this Court determined "that the PLRA was not intended to apply in habeas corpus." Id. "Having already determined that Congress did not intend the PLRA to apply to these types of petitions for habeas corpus, there is simply no rational basis for us to treat the three strikes provision any differently." Jones v. Smith, 720 F.3d 142, 146

(2d Cir. 2013) (citation omitted).

4

Therefore, Wood has, at most, two strikes, and the district court erred by dismissing Wood's complaint pursuant to § 1915(g).  We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**