[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17459
Non-Argument Calendar
_____

D.C. Docket Nos. 1:14-cv-03180-RWS,
1:13-cv-01554-RWS

WASEEM DAKER,

Petitioner – Appellant,

versus

NEIL WARREN, Sheriff, Cobb County,

Respondent – Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 19, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Waseem Daker appeals *pro se* the district court's order consolidating his two 28 U.S.C. § 2254 petitions. He also appeals the district court's order denying his Rule 59(e) motion to vacate the consolidation and dismissal of his two pending petitions. The district court did not abuse its discretion by consolidating Mr. Daker's petitions, so we affirm.

## I

Mr. Daker was sentenced to life plus 47.5 years after a Georgia jury found him guilty of several crimes, including murder. He subsequently filed a pro se habeas petition under § 2254 raising 171 claims. The district court dismissed that petition because he failed to pay the filing fee, and he appealed.

While his appeal was pending, Mr. Daker filed a second § 2254 petition that incorporated all of the same grounds in his original petition, as well as three additional claims. Two weeks later, he filed a 993-page amended § 2254 petition raising 393 claims. The district court struck the amended petition because of its length and because of Mr. Daker's failure to use the proper form. The court also ordered Mr. Daker to file, within 21 days, a second amended petition that was no longer than 50 pages. Mr. Daker challenged the court's order and instructions through numerous motions. The court denied these motions, but granted extensions for Mr. Daker to file each time.

2

Meanwhile, in Mr. Daker's initial appeal, we vacated the district court's dismissal of his original § 2254 petition. *See Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016).  On remand, the district court consolidated the two pending § 2254 petitions (the initial petition and the one filed while the appeal was pending) and administratively closed the first case.  That left the subsequent petition as the only pending petition.

The district court then ordered Mr. Daker to file a second amended petition that conformed to the federal and local rules of procedure.  Because "Daker himself ha[d] acknowledged that . . . only in the [second] Case has Daker offered any 'supporting facts' for his 393 grounds for relief," the court found both petitions insufficient absent an amended petition.  After granting several extensions to file, and having failed to receive a second amended petition by the deadline, the court dismissed Mr. Daker's consolidated case.

Mr. Daker then filed a second amended petition, along with a Rule 59(e) motion asking the district court to vacate its order consolidating his two cases and dismissing his second petition.  The court denied his  motion because it found that the record supported consolidation.  Both habeas cases challenged Mr. Daker's convictions, and the second habeas petition explicitly incorporated by reference all of the grounds of his original petition.

3

Mr. Daker then sought a certificate of appealability ("COA") to challenge the district court's two rulings—the one consolidating the two habeas petitions and the one dismissing the consolidated habeas petitions. We denied Mr. Daker a COA to appeal the dismissal of his consolidated habeas petition, but determined that he did not need a COA to appeal the district court's consolidation order.

## II

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate two actions that "involve a common question of law or fact." "We review a district court's decision whether to consolidate multiple actions only for a clear abuse of discretion." *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). When exercising its discretion to consolidate, a court must consider: (1) whether the specific risks of prejudice and confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, and (3) the length of time required to conclude multiple suits, and (4) the relative expense of all concerned. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). We also review for abuse of discretion the district court's denial of a Rule 59(e) motion to alter or amend the judgment. *See Lambert v. Fulton Cty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001).

4

The district court did not abuse its discretion by consolidating Mr. Daker's duplicative habeas petitions. As Mr. Daker expressly stated in his second petition, that petition "incorporate[ed] all 171 grounds" from the original petition that was then pending on appeal. *See* D.E. 46 at 2. The second petition then added an additional 222 grounds for relief. All of these claims were based on the same set of operative facts because both petitions challenged Mr. Daker's original trial and conviction. The district court found that the balance of factors weighed in favor of consolidation "to avoid wasteful duplication of effort, unnecessary delay, and possible inconsistency of results." D.E. 46 at 3. That was not error. *See In re Air Crash at Fla. Everglades on Dec. 29,1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (describing Rule 42(a) as a "broad grant of authority").

On appeal, Mr. Daker argues that the district court erred in consolidating his two habeas petitions by failing to notify him and give him time to object, but he has pointed to no case—nor are we aware of one—that requires a district court to notify the parties before consolidation. In fact, the general rule appears to be that a district court can order consolidation *sua sponte*. *See* Charles Alan Wright, et al., 9A Federal Practice & Procedure § 2383 (3d ed. April 2019).

5

## III

The district court's consolidation of Mr. Daker's two habeas petitions is affirmed.

**AFFIRMED.**