[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-15629
Non-Argument Calendar

————————————————

D.C. Docket No. 6:15-cv-00049-JRH-RSB

WASEEM DAKER,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
BRIAN CHRISTOPHER JOHNSON,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,

Defendants - Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

(October 2, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint.  He argues that the district court erred in dismissing his complaint under the "three strikes" provision in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  After careful review, we affirm.

When Daker filed his civil rights complaint, he filed an application to proceed *in forma pauperis*.  The magistrate judge issued a recommendation that the court dismiss Daker's complaint without prejudice.

The magistrate judge identified two alternative grounds for dismissing Daker's complaint.  First, the magistrate judge explained that Daker's complaint was due to be dismissed under the PLRA's three strikes provision.  The magistrate judge found that Daker had four previous filings that had been dismissed because they were frivolous, malicious, or failed to state a claim for relief.  Because Daker had three or more "strikes" under the PLRA and failed to prepay the filing fee, the magistrate judge recommended that his complaint be dismissed without prejudice.

Second, the magistrate judge explained that Daker's complaint could be dismissed on the alternative ground that he had failed to provide truthful information regarding his financial status in his application to proceed *in forma*

2

*pauperis*.  The magistrate judge noted that in other cases courts had found that Daker had filed affidavits to proceed *in forma pauperis* that concealed or misstated his true assets and income.  The magistrate judge determined that Daker made similar allegations of poverty in this case and thus had abused the judicial process, which warranted the dismissal of his complaint.[1]

Daker objected to the magistrate judge's recommendation.  He argued that his complaint was not due to be dismissed under the PLRA's three strikes provision.  But Daker did not challenge the magistrate judge's alternative determination that the action was due to be dismissed because he had concealed or misstated his assets and income in his application to proceed *in forma pauperis*. The district court overruled Daker's objections, adopted the magistrate judge's recommendations, and dismissed his complaint without prejudice.   This is Daker's appeal.

"Ordinarily, a federal litigant who is too poor to pay court fees may proceed *in forma pauperis*," meaning that "the litigant may commence a civil action without prepaying fees or paying certain expenses."  *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); *see* 28 U.S.C. § 1915(a)(1).  But the PLRA's "three-

---

[1] In the recommendation, the magistrate judge acknowledged that in general a district court was permitted to dismiss an action on its own motion only if the plaintiff received notice of the court's intent to dismiss the action or had an opportunity to respond.  The magistrate judge explained that Daker received such notice through the recommendation and had an opportunity to respond by filing an objection to the recommendation.

strikes" provision limits when certain prisoners may proceed *in forma pauperis*. *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016). The PLRA provides that a prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The PLRA also provides that a court "shall dismiss" a case "at any time" if it determines that "the allegation of poverty is untrue." *Id.* § 1915(e)(2).

Here, the district court's dismissal of Daker's complaint rested on two independent grounds: (1) that he had three strikes and (2) that his allegations of poverty were untrue. "To obtain reversal of a district court judge that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If "the appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

On appeal, Daker challenges the district court's dismissal of his complaint under § 1915(g)'s three-strikes provision.  But he raises no argument challenging the district court's alternative determination that his complaint was due to be dismissed under § 1915(e) because in his application to proceed *in forma pauperis* he had concealed or misstated his true assets and income, making his allegation of poverty untrue.  Even though we liberally construe briefs filed by *pro se* litigants, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Because Daker abandoned any challenge to the district court's independent, alternative ground for dismissing his complaint, the district court's judgment is due to be affirmed.  *See Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**