NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0349n.06

No. 23-1902

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Aug 08, 2024

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| RICHARD WERSHE, JR., | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF DETROIT, MICHIGAN; | ) | THE EASTERN DISTRICT OF |
| WILLIAM JASPER; KEVIN GREENE; | ) | MICHIGAN |
| HERMAN GROMAN; UNKNOWN | ) | |
| FORMER ASSISTANT UNITED STATES | ) | |
| ATTORNEY; CAROL DIXON, as | ) | ORDER |
| Representative of the Estate of James Dixon; | ) | |
| EDWARD JAMES KING; | ) | |
| LYNN HELLAND, | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: CLAY, McKEAGUE, and READLER, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Richard Wershe, Jr., sued the City of Detroit and various former state and federal law enforcement officials on July 20, 2021, alleging that Defendants violated his constitutional rights in the 1980s and in 2003. The district court then dismissed Wershe's complaint as time-barred and declined to apply equitable tolling, and Wershe appealed. One set of Defendants, the federal law enforcement officials, now moves this Court for sanctions against Wershe and his counsel. In response, Wershe moves for attorneys' fees against the federal law enforcement officials' counsel. For the reasons set forth below, we **DENY** both motions.

We begin with Defendants' motion for sanctions. The federal law enforcement officials move for "appropriate sanctions" against Wershe and his counsel pursuant to Federal Rule of

Appellate Procedure 38 and 28 U.S.C. § 1927. No. 23-1902, Defs.' Mot. for Sanctions, ECF No. 50, 8. Rule 38 permits this Court to award "just damages and single or double costs" when an appeal is frivolous. Fed. R. App. P. 38. Under § 1927, this Court may sanction an attorney personally if that attorney "multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, such as when the attorney knew or should have known that a claim was frivolous, *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (citation omitted).

The federal law enforcement officials assert a number of grounds for sanctions, but none are compelling. To start, they claim that Wershe's appeal is frivolous because his equitable tolling arguments lack merit. Regardless of its ultimate outcome, an appeal is not frivolous so long as it has some "arguable basis either in law or in fact." *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284 (11th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Wershe's appeal of the district court's denial of equitable tolling clears that low bar. There is some legal support for his arguments that an extraordinary attorney error, *Holland v. Florida*, 560 U.S. 631, 652 (2010), and a defendant's threat of retaliation, *see Doe v. United States*, 76 F.4th 64, 71–72 (2d Cir. 2023), can be grounds for equitable tolling. And although courts have rarely applied equitable tolling over the multiple decades asked for by Wershe, equitable tolling over such a period is not wholly unfounded. *See Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011).

The federal officials add that Wershe made false and frivolous allegations below and on appeal. Many of their examples simply quibble with Wershe's arguments. *See, e.g.*, No. 23-1902, Defs.' Mot. for Sanctions, ECF No. 50, 14 (taking issue with Wershe's assertion that he could amend his complaint to include "more affidavits and/or facts" when he did not identify such facts). And others are more akin to factual disputes than they are to sanctions-worthy false statements. For example, the federal officials take issue with the claim that they breached a promise to

2

advocate for Wershe's parole. They argue that Wershe must have fabricated his allegations because, at his 2003 parole hearing, multiple individuals testified that Wershe received no promises for cooperating with law enforcement. A factfinder could certainly credit such statements, but those statements do not demonstrate that Wershe lied in his complaint.

Moreover, although a movant need not show bad faith, this Circuit usually imposes Rule 38 sanctions only when some improper purpose underlies the appeal. *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008). The federal officials have not shown that to be true here. They speculate that Wershe brought suit and appealed to promote his cannabis brand, but they lack support for that assertion. They protest that Wershe really intended to sue, and thus planned to substitute in, the United States. However, Wershe brought a separate suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and he cannot substitute in the United States as to the constitutional claims on which he bases the instant suit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that there is no vicarious liability under *Bivens* and § 1983, which are the causes of action under which Wershe sues Defendants); *Koprowski v. Baker*, 822 F.3d 248, 254 (6th Cir. 2016) (holding that plaintiffs cannot bring constitutional claims under the FTCA). The federal officials have failed to show that an improper purpose animated this lawsuit.

Lastly, the federal officials object to Wershe's continued litigation against Defendant Carol Dixon, as representative of decedent James Dixon's estate, because they allege that no estate exists. The fact that no estate exists, however, is generally not dispositive because a party may petition to open an estate. *See Diallo v. LaRochelle*, 871 N.W.2d 724, 725 n.2 (Mich. Ct. App. 2015). Regardless, Wershe stated below that he took "no issue with Ms. Dixon's name being removed

from the caption." No. 4:21-cv-11686, Opp'n to Mot. to Dismiss, R. 40, Page ID #867. All told, Wershe's actions are not the kind of egregious conduct that typically warrants sanctions.

Next, we consider Wershe's motion for attorneys' fees. Wershe moves for attorneys' fees, a public admonishment of Defendants, and any other appropriate relief pursuant to Federal Rule of Appellate Procedure 46(c), 28 U.S.C. § 1927, and this Court's inherent power to sanction. Under Rule 46(c), this Court may "discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule." Fed. R. App. P. 46(c). This Court's inherent power to sanction applies to a party's bad-faith, vexatious, wanton, or oppressive conduct, and it must be exercised with restraint. *United States v. Llanez-Garcia*, 735 F.3d 483, 492 (6th Cir. 2013).

Wershe argues that the federal officials' counsel multiplied proceedings by moving for similar sanctions before this Court and the district court. Sanctions are appropriate when a litigant has a "history of filing vexatious, harassing or duplicative [submissions]." *Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks and citation omitted). The federal officials' two motions, standing alone, do not constitute such a history. The two motions are also not duplicative. The federal officials' appellate motion dedicates a significant portion of its arguments to Wershe's conduct on appeal, and it seeks different relief than Wershe's district court motion. It is also not unheard of for parties to bring sanctions motions both before the district court and on appeal. *See, e.g.*, *Berwick Grain Co. v. Illinois Dep't of Agric.*, 217 F.3d 502, 504–05 (7th Cir. 2000) (per curiam). While some understandable overlap exists between the federal officials' motions, sanctions are not warranted in this case.

Wershe's other arguments also fail to persuade us of the need for sanctions. Wershe claims that the federal officials misrepresented the facts and holding of *Davis v. Jackson*, No. 15-CV-

4

5359, 2016 WL 5720811 (S.D.N.Y. Sept. 30, 2016). To the contrary, the federal officials articulate a conceivable reading of *Davis* and certainly not a reading that rises to the level of intentional misrepresentation. *See id.* at *11. Wershe also claims that the federal officials frivolously assert that he has improper motives for bringing suit. But the officials' improper purpose arguments, while not compelling, are also not wholly frivolous. An improper purpose for bringing an appeal can indeed serve as a basis for sanctions. *Barney v. Holzer Clinic*, 110 F.3d 1207, 1212 (6th Cir. 1997).

Ultimately, the award of sanctions on appeal, including in the form of attorneys' fees, is entrusted to our discretion. *See Dubay v. Wells*, 506 F.3d 422, 432 (6th Cir. 2007). In light of the above, we decline to exercise that discretion here. Accordingly, we **DENY** Defendants' motion for sanctions and Plaintiff's motion for attorneys' fees.