[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13240
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-14209-RLR

BRIAN M. CASEY,

Plaintiff - Appellant,

versus

WEXFORD HEALTH SVC.,
CORIZON HEALTH SVC.,
CENTURION HEALTH SVC.,
PAMELA JO BONDI,
Attorney General, State of Florida,
JULIE JONES, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Brian Casey appeals pro se from the district court's order adopting the report and recommendation of the magistrate judge and dismissing his pro se complaint for violating the "three-strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  After review, we affirm.[1]

## I.  DISCUSSION

### A.  Dismissal under § 1915(g) [2]

Casey first contends the district court erred by dismissing his in forma pauperis complaint under the "three-strikes" provision of § 1915(g).  But he fails to develop any argument addressing the ground for the district court's dismissal—its determination that Casey failed to allege facts demonstrating he was "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In fact, Casey fails to even reference "imminent danger" in his discussion of the issue.  By failing to address the ground for the district court's dismissal, Casey has abandoned the issue on appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681

---

[1] We do not address Casey's contentions that the district court violated his Fourth Amendment rights by "seizing an action," or that it erred by not construing his complaint as an action for habeas corpus, because those contentions were not first raised in the district court.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

[2] We review de novo a dismissal under § 1915(g).  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

(11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

## B.  Appointment of Counsel[3]

Casey next contends the district court unfairly denied his request to have counsel appointed.  Given Casey's abandonment of his argument concerning the district court's dismissal of his complaint under § 1915(g), we cannot conclude the district court abused its discretion by denying Casey's request for counsel.

## C.  Appealing In Forma Pauperis[4]

Casey also contends the district court abused its discretion by denying his motion to appeal in forma pauperis.  This issue is moot because his request to proceed on appeal in forma pauperis was later granted.  *See* Doc. 9.

## D.  Motions to Disqualify[5]

---

[3] We review for abuse of discretion a district court's decision not to appoint counsel for a civil litigant.  *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).

[4] We review for abuse of discretion a district court's denial of a motion to proceed in forma pauperis.  *Daker v. Comm'r Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016).

[5] We review for abuse of discretion a district court's denial of a motion to recuse.  *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015).

Finally, Casey contends the district court unfairly denied his motions to disqualify the magistrate judge and the district judge.  In support, he offers only this conclusory statement:  "The magistrates [sic] fraudulent report and recommendation was clearly deep-seated antagonism that made fair minded judgment impossible and recusal is in order."  Br. of Appellant at 7 (citing *Liteky v. United States*, 510 U.S. 540 (1994)).  Casey's argument is based entirely on the adverse opinion the magistrate judge issued against him.  Casey cites no evidence of bias or partiality by the magistrate judge, much less bias or partiality based on an "extrajudicial source."  *See Liteky*, 510 U.S. at 554–55.  The district court therefore did not abuse its discretion in denying Casey's motions to disqualify.

## II.  CONCLUSION

Casey has abandoned his challenge to the district court's dismissal of his complaint under § 1915(g).  The district court did not abuse its discretion by denying Casey's request to appoint counsel.  Nor did it abuse its discretion by denying Casey's motions to disqualify.  In light of this Court's subsequent order granting Casey permission to appeal in forma pauperis, the district court's denial of Casey's initial request is moot.

**AFFIRMED**.