[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14873
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00118-RWS

WASEEM DAKER,

Plaintiff-Appellant,

versus

JOHN ROBINSON,
Officer,
LIEUTENANT J. SIMPSON,
GARY D. GEORGE,
Chief, Alpharetta Police Department,
CITY OF ALPHARETTA,

Defendants-Appellees.

_____

No. 13-14878
Non-Argument Calendar

_____

D.C. Docket No.  1:12-cv-00119-RWS

WASEEM DAKER,

                                                        Plaintiff-Appellant,

versus

JOHN MARK DAWES,
Detective,
BRADLEY LOUIS MCENTYRE,
Detective,
GEORGE B. HATFIELD,
Chief, Cobb County Police Department,
GARY MICHAEL LLOYD,
Director, Cobb County Public Safety Department,
COBB COUNTY,

                                                        Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(August 7, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

    In these consolidated appeals, Waseem Daker appeals *pro se* the dismissal

without prejudice of his two complaints that officers unlawfully searched his

vehicle and seized his personal property. 42 U.S.C. § 1983. The district court

dismissed Daker's complaints for failing to pay his filing fees. Daker contests the

rejection of his request to proceed *in forma pauperis* that resulted in the dismissal

2

of his complaints. He also challenges the denial of his motions to alter or amend the judgments of dismissal and for recusal of a magistrate judge who presided over pretrial proceedings. We affirm.

Daker's "statements in [his] affidavit [of assets failed to] satisfy the requirement of poverty." *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The district court reasonably determined that Daker was not indigent based on his averments that he owned a home "valued at approximately $395,000," subject to a mortgage of $345,000. Daker moved for reconsideration on the ground that he also owed $25,000 in student loans, but, as the district court stated, "that additional debt [did] not fully offset [Daker's] $50,000 net worth or otherwise prevent him from paying $700 in filing fees in [his] two cases." Nor did Daker's alleged inability to liquidate his home require a different result, particularly when he disclosed that his parents and a sibling resided in the house and that he had given a "power of attorney over his assets to a family member." That Daker made contrary statements in other applications to proceed *in forma pauperis* is of no moment; "the only determination to be made by the court is whether the statements in the affidavit" established that Daker was indigent. *See Martinez*, 364 F.3d at 1307.

The district court did not abuse its discretion when it dismissed Daker's complaints after he failed to pay his filing fees. Because "proceeding *in forma*

3

*pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and should be conferred "sparingly," *Martinez*, 364 F.3d at 1306, we cannot say that the district court abused its discretion when it required Daker to pay his filing fees. His refusal to comply with the order to pay those fees, particularly after he was warned of the consequence for noncompliance, warranted dismissing his complaints. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). And the district court dismissed Daker's complaints without prejudice, so he is free to file other complaints against the officers if he pays the required filing fees.

The district court also did not abuse its discretion when it denied Daker's motions to alter or amend the judgments of dismissal. Daker contests a statement made by the district court in a footnote of its order that he had "accumulated 'three strikes'" in violation of the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g), but the district court denied Daker's motions for other reasons. Daker's motions violated a local rule prohibiting successive requests for reconsideration. *See* N.D. Ga. Local Civ. R. 7.2E. The motions also were not supported by newly discovered evidence nor did they identify a manifest error of law or fact in the judgment. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

The magistrate judge did not abuse his discretion when he refused to recuse from Daker's cases. Recusal is warranted only if "an objective, fully informed lay

4

observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Daker argues that the magistrate judge's participation in Daker's prior criminal and civil proceedings created an appearance of partiality, *see* 28 U.S.C. § 455(a), but neither the magistrate judge's adverse rulings, *see United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004), nor his familiarity with Daker's litigation mandated recusal, *see Christo*, 223 F.3d at 1334. Nor was recusal required based on Daker's speculation that the prosecutor would call the magistrate judge as a witness or Daker's decision to subpoena the magistrate judge to appear for a criminal trial. *See Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations."). Daker argues that the magistrate judge would testify that Daker "allegedly possessed a firearm as a convicted felon" and would protest Daker's release on bail, but the prosecutor dismissed Daker's charge for being a felon in possession. Daker cannot fabricate an appearance of impropriety to justify his request for recusal.

We **AFFIRM** the dismissal of Daker's complaints without prejudice.

5