[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 19-13101

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

versus

PATRICK H. HEAD, *et al.*

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:14-cv-00138-MTT-CHW

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the district court's dismissal with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(A), of his pro se complaint for untrue allegations of poverty. The district judge originally referred Daker's motion to proceed *in forma pauperis* (IFP) to the magistrate judge. The magistrate judge denied Daker's motion to proceed IFP and issued a report and recommendation (R&R) to dismiss Daker's complaint. The district court adopted the R&R as part of its final order but further expounded on omissions in Daker's IFP affidavit. Thus, we review the district court's order that adopted the magistrate judge's R&R.

In section I, we address whether the district court erred in taking judicial notice of Daker's prior IFP affidavits. In section II, we discuss whether the district court erred in adopting the magistrate judge's recommendation of dismissal with prejudice of Daker's complaint. In section III, we address whether the district court erred in dismissing Daker's complaints for different reasons than the magistrate judge's R&R without following the proper procedure. In section IV, we address Daker's argument that the court abused its discretion by dismissing his complaint for different substantive reasons than the magistrate judge's R&R. In section V, we address whether the district court erred in not providing him an evidentiary hearing to address whether his allegations of poverty were untrue. After careful review, we affirm.

## I.

Daker first argues that the district court abused its discretion by judicially noticing his prior IFP affidavits to conclude that he made misrepresentations about his indigent status without following the proper procedures. Daker focuses on the district court's discussion on him failing to include the possession of a valuable gaming console. Daker argues that he was not required to disclose the game console because he thought his brother sold it years ago and did not know its value.

We review a district court's decision to judicially notice a fact for an abuse of discretion. *See Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

A district court may look beyond a party's IFP application to determine his financial means. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (per curiam). It may take judicial notice of a fact that cannot be reasonably disputed if the fact can be determined from unquestionably accurate sources. Fed. R. Evid. 201(b)(2). If a person requests, before or after the court takes judicial notice of a fact, he is entitled to an opportunity to be heard about the propriety of taking such notice. *Id.* (e). And while it is "best practice" to include copies of judicially noticed

records, courts are not required to do so. *See Turner v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021).

Although Daker did not receive a hearing, he objected to the R&R and argued that he did not know the personal property was that valuable nor that his brother still had the property. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Also, the district court's order does not focus on Daker's misrepresentations about the valuable personal property and the IFP affidavits that failed to include it. Rather, the district court accepts Daker's factual assertions (excuses for his misconduct) and then focuses on Daker's other significant misrepresentations from the magistrate judge's R&R, including his annuity contract and paying previous filing fees. Daker also moved for reconsideration after the district court's order, providing him with another opportunity to be heard. Therefore, we find no abuse of discretion.

## II.

Daker next argues that the district court erred in adopting the magistrate judge's recommendation of dismissal with prejudice of his complaint. Although much of Daker's brief recites the same arguments made in the district court, Daker argues the district court erred in: (1) not comparing his assets and his liabilities, and (2) finding that his allegations of poverty were untrue and made in bad faith.

We review a district court's denial of a motion to proceed IFP, dismissal of a complaint for false assertions of poverty,

pursuant to § 1915(e)(2)(A), and decision to dismiss with prejudice for an abuse of discretion. *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016). We also review a court's treatment of an R&R for an abuse of discretion. *See Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). We review a court's factual findings for clear error. *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1079–80 (11th Cir. 2016).

If a court finds that a plaintiff's allegations of poverty are false, the court must dismiss the case. 28 U.S.C. § 1915(e)(2). But not every inaccuracy in an affidavit of poverty must be construed as a false assertion, warranting loss of IFP eligibility and dismissal of the complaint. *Camp v. Oliver*, 798 F.2d 434, 438 n.3 (11th Cir. 1986). The purpose of § 1915 is not to punish a litigant for insignificant discrepancies, but to weed out those who falsely understate their net worth to obtain IFP status to which they are not entitled. *Id.*

First, Daker argues that the district court failed to conduct the correct inquiry under *Martinez* by comparing his assets and his liabilities and not simply looking at whether Daker admitted that he could have paid the filing fee. In his IFP affidavit, Daker explained that he had no real estate, cash, money in his prison account or other valuable property and had received no money from annuities or gifts within the past year. But Daker stated that he had sold his house in August 2018 and after paying the mortgage and other *unspecified* debts, he had $6,000 in a checking account and $30,000 in a savings account. As for his debts, Daker stated he had

6                    Opinion of the Court                    19-13101

a $25,000 student loan, $25,000 for his prison account that he disputes, and at least $36,000 for appointed counsel.

A court cannot determine whether a plaintiff satisfies the poverty requirement unless it compares his assets against his liabilities. *Martinez*, 364 F.3d at 1308. While a plaintiff need not show that he is destitute to be granted IFP status, he must show that his poverty prevents him from both paying court fees and supporting himself and his dependents. *Id.* at 1307. An affidavit should be taken as true absent a serious misrepresentation. *Id.*

Here, the district court reviewed Daker's assets, his checking and savings accounts balances, and then addressed Daker's "$86,000 in debts and liabilities." Daker's prior IFP affidavits consistently listed his debts as his mortgage (now paid off due to the sale of his home), student loans, money owed to his prison account, and attorney's fees from trial. But the district court expressed skepticism as to how those unspecified debts could have consumed such a large portion of his sale proceeds, leaving Daker with his current unpaid debts. The district court also considered Daker's history of paying filing fees, showing he has discretionary income. The district court followed the correct inquiry under *Martinez* in determining that Daker failed to satisfy the poverty requirement and was not indigent under 28 U.S.C. § 1915.

Second, Daker argues that the district court erred in adopting the magistrate judge's recommendation to dismiss Daker's complaint with prejudice because he filed a false affidavit of poverty in bad faith.

Dismissal with prejudice is a sanction of last resort, but a court has discretion to dismiss a case with prejudice if the litigant files a false affidavit of poverty in bad faith. *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (per curiam). At least where there are no intervening changes of circumstances, the litigant acts in bad faith if he fails to notify a court of previous authoritative determinations of his lack of indigency. *Id.* Bad faith can also be shown by a history of abusing the judicial process or bad faith litigiousness. *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam). A court may dismiss a plaintiff's case with prejudice for even minor misrepresentations on his IFP affidavit if he has a history of misrepresenting his indigency. *See Camp*, 798 F.2d at 437–38.

The district court detailed the reasons why Daker's allegations of poverty were untrue, focusing on Daker paying previous filing fees and Daker having an annuity contract with a cash value of $10,000. First, the district court correctly pointed to Daker's ability to pay the filing fee when he chooses to do so, even before the sale of his house. This is also evident here when this court denied his request to proceed IFP and told Daker that to proceed he would need to pay the filing fee, which he did. Next, the district court detailed additional sources of income that Daker received that he failed to disclose in his IFP affidavit, including the annuity contract, which allowed Daker to pay for costs related to his home before the sale. The district court then discussed how Daker likely had more than the $36,000 he claimed to have from the sale of his house. The district court explained that, in Daker's prior IFP

affidavit, he said that his mortgage had a remaining balance of $306,00 and property records show that he sold his house for $464,900, thus leaving nearly $160,000 in profit. The district judge did not abuse its discretion in considering Daker's misrepresentations about his finances. *See id.*

Further, Daker's repeated decisions to pursue IFP status no matter if he is indigent shows a blatant history of abuse of the judicial system. *See Attwood*, 105 F.3d at 613. Since 2016, courts, including this one, have found Daker's allegations of poverty to be either disingenuous or outright false. *See, e.g.*, *Daker v. Warren*, Ord. Den. Leave Proceed IFP (Dkt. No. 19), No. 14-13042-C (11th Cir. Apr. 30, 2015); *Daker v. Governor*, Ord. Dism. Appeal as Frivolous (Dkt. No. 11), No. 15-13179 (11th Cir. Dec. 19, 2016); *Daker v. Robinson*, 694 F. App'x 768, 769 (11th Cir. 2017) (per curiam) (affirming dismissal of two complaints on basis of district court's findings that Plaintiff was not indigent); *Daker v. Poff*, Case No. CV416-158, 2016 WL 9138070, at *2 (S.D. Ga. July 25, 2016); *Daker v. Dozier*, Case No. 6:17-cv-110, 2017 WL 4448234, at *7 n.5 (S.D. Ga. Oct. 5, 2017). Closer to the district court's review of his IFP affidavit here, the district court noted Daker has been able to pay for at least three filing fees since August 2018.

Here, the district court did not abuse its discretion by adopting the R&R. First, Daker's omissions on his IFP affidavit were sufficient to warrant a finding that his assertion of poverty was false. And second, his concealment of funds and history of misleading courts and pursuing vexatious litigation tactics was sufficient for the court to find bad faith.

### III.

Daker also argues that the district court abused its discretion procedurally by dismissing his complaint for reasons not recommended by the magistrate judge without following the proper procedure to provide him with notice of its intent to dismiss and an opportunity to respond. Unless a complaint is patently frivolous, or reversal would be futile, a district court cannot dismiss an action sua sponte unless it provides the plaintiff with notice of its intent to dismiss or an opportunity to respond. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

As discussed above, the magistrate judge's R&R identified many issues with Daker's IFP affidavit concerning his finances and specifically recommended dismissal with prejudice due to those misrepresentations. In response to Daker's objections, the district court took his factual assertions as true, but the district court found that there were two glaring omissions that he couldn't explain—the annuity contract and the money he used to pay other filing fees.

Daker's argument rests on an incorrect assumption that the R&R did not discuss the annuity contract and the money he used to pay prior filing fees. The R&R specifically included the annuity contract, and while the source of Daker's money to pay previous filing fees was unknown, the R&R addressed Daker's ability to pay those fees. Daker also objected to the R&R where he argued that he no longer has the annuity contract and then provided his explanation for how he paid previous filing fees.

Here, the district court did not dismiss Daker's complaint for different reasons than those recommended by the R&R, and Daker had notice and an opportunity to object, as he was given time to object to the R&R and did object. Thus, the court did not abuse its discretion.

## IV.

Next, Daker argues that the district court abused its discretion by dismissing his complaint for different substantive reasons than the magistrate judge's R&R. Specifically, Daker focuses on the district court's discussion of two omissions from his IFP affidavit and its reliance on unpublished caselaw.

Daker's two omissions from his IFP affidavit were not inconsequential to his financial situation. As discussed above, the annuity contract had a cash value of $10,000 that was easily accessible—and was accessed by Daker's power of attorney. His power of attorney used the funds to prevent foreclosure on his home and the remaining funds were deposited into Daker's bank accounts after the sale of the house. Those funds became part of Daker's assets and ultimately his net worth. Daker received a $500 loan from a friend. Daker used that loan to pay filing fees was not insignificant either. Thus, the district court did not abuse its discretion in finding that Daker's annuity contract and loan from a friend would qualify as money received within the past year that Daker had to disclose on his IFP affidavit.

Pursuant to our rules, courts may cite to unpublished cases as persuasive authority. *See* 11th Cir. R. 36-2. Moreover, the district court's reliance on unpublished cases in its order dismissing Daker's complaint did not deprive him of access to the courts or of any due process right because the case cited is immaterial to whether the district court abused its discretion in finding that Daker filed his IFP affidavit in bad faith. The district court also included a parenthetical to explain what a Seventh Circuit case decided.

Thus, the district court did not abuse its discretion in finding that Daker's allegations of poverty were untrue based on omissions in his affidavit to support a finding of bad faith, and in citing to an unpublished case from another circuit.

## V.

Next, Daker argues that he should have received an evidentiary hearing before the district court dismissed his complaint with prejudice. We have held that an opportunity to object to a magistrate judge's report and recommendation satisfies the due process requirements of notice and an opportunity to be heard before dismissal. *Vanderberg*, 259 F.3d at 1324. Here, Daker had the opportunity to object to the R&R and did so, which satisfied due process. We thus reject his argument that due process entitled him to an evidentiary hearing.

**AFFIRMED.**