[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13169

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

ANDREA OWENS,
TIMOTHY WARD,
RICK JACOBS,
ROBERT E. JONES,
WARDEN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00354-TES-CHW

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Waseem Daker is a Georgia inmate. He is also a serial litigant. [1] In 2014, Mr. Daker filed a pro se lawsuit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in the Southern District of Georgia. Some of those claims were severed and transferred to the Middle District of Georgia.

Upon receipt of the severed claims, the transferee court ultimately determined that Mr. Daker's sworn assertions of poverty were untrue. Therefore, though the Southern District of Georgia had initially allowed Mr. Daker to proceed *in forma pauperis*, the

---

[1] Mr. Daker has initiated over 250 federal civil suits and appeals. Courts have repeatedly labeled Mr. Daker's litigation tactics as malicious, abusive, or vexatious. *See* D.E. 239 at 8–9 (collecting cases). For our part, we have noted that Mr. "Daker is a serial litigant who has clogged the federal courts with frivolous litigation." *Daker v. Comm'r, Ga. Dep't Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016). Indeed, the Supreme Court of the United States recently directed its clerk not to accept further civil petitions from Mr. Daker unless he paid the docketing fee, finding that he "has repeatedly abused [the Supreme Court's] process." *Daker v. Toole*, 583 U.S. 805 (2017) (Mem.).

Middle District of Georgia dismissed his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) (and alternatively under Rule 11 of the Federal Rules of Civil Procedure). Mr. Daker now appeals, arguing, among other things, that the district court erred in revisiting his *in forma pauperis* status after the case was transferred. Specifically, he argues that the district court was barred statutorily and jurisdictionally by the law of the case doctrine, and by the doctrine of collateral estoppel, from inquiring into the veracity of his affidavits. We disagree.

This is not the first time Mr. Daker has been found to have been untruthful in his IFP affidavits. *See, e.g.*, *Daker v. Warren*, 2023 WL 4560224, at \*4–6 (11th Cir. July 17, 2023) (affirming dismissal pursuant to § 1915(e)(2)(A) based on untruthful assertions regarding his financial status); *Daker v. Head*, 2022 WL 2903410, \*5 (11th Cir. Jul. 22, 2022) (same). As in those cases, we again reject Mr. Daker's arguments on appeal and affirm the dismissal of his complaint with prejudice. [2]

**I**

In 2014, Mr. Daker filed a *pro se* civil rights complaint under § 1983 and the RLUIPA against nearly three dozen defendants, including individuals from the Cobb County District Attorney's Office, the Cobb County Superior Court, the Georgia Department of

---

[2] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

Corrections, the Georgia State Prison, and the Georgia Diagnostic and Classification Prison. That complaint was initially filed in the Southern District of Georgia. Mr. Daker brought claims for violations of his due process rights, violations of the First, Eighth, and Fourteenth Amendments, and violations of his rights to court access, the law library, medical and dental care, religious services, and the mail.

Upon filing, Mr. Daker also sought leave to proceed *in forma pauperis*. His affidavits in support thereof—as well as his statements made throughout the course of this litigation—have been the subject of much debate in this case. Indeed, the veracity of Mr. Daker's IFP status has been at issue in many of his hundreds of cases. *See, e.g.*, D.E. 239 at 8–9 (collecting cases); *Daker*, 2023 WL 4560224, at *4–6.

Pertinent to this appeal, Mr. Daker's initial IFP motion was granted by the Southern District on June 10, 2014. The magistrate judge then *sua sponte* vacated that order and found that Mr. Daker was not entitled to proceed *in forma pauperis* because his persistent filings made him a three-strike-rule offender pursuant to § 1915(g). As such, the district court dismissed the complaint. Ultimately, however, this Court vacated and remanded that decision, holding that the district court had erred in concluding that Mr. Daker had three or more strikes under § 1915(g). The district court subsequently reinstated Mr. Daker's IFP status pursuant to that remand.

In the meantime, however, the magistrate judge issued a report and recommendation which in relevant part organized Mr.

Daker's claims into three categories, one of which included claims against individuals associated with the Georgia Diagnostic and Classification Prison. The report recommended that the district court sever those claims from the case and transfer them to the Middle District of Georgia as the more proper venue for the disposition of claims arising from his incarceration in that facility.

While that report and recommendation remained pending, certain defendants in the district court filed a motion to vacate Mr. Daker's IFP status, bringing Mr. Daker's various undisclosed assets to the court's attention. Specifically, those defendants argued that Mr. Daker was not in fact indigent, and had recently sold a property—prior to the filing of his IFP affidavits, he had been denied *in forma pauperis* status in similar cases based on such earnings, and had also paid the filing fees in various other recent cases. In turn, Mr. Daker asserted that, while he had not disclosed the sale of this property to the court initially, his debts far exceeded his assets, he had dependent parents for whom he paid bills, he was not required to re-file his IFP affidavits in this case, and therefore, did not have to update the court as to the same.

That motion was never decided, however, because on September 4, 2020, the district court ultimately adopted the pending report and recommendation and ordered that the Georgia Diagnostic and Classification Prison claims be severed and transferred to the Middle District of Georgia.

Upon transfer to the Middle District of Georgia, a new magistrate judge presided over various aspects of the case, including

Mr. Daker's IFP status. And that magistrate judge, upon a *sua sponte* review of the record, recommended that the transferred claims be dismissed with prejudice pursuant to § 1915(e)(2)(A) due to Mr. Daker's untruthful sworn assertions of poverty and/or pursuant to Rule 11 of the Federal Rules of Civil Procedure due to Mr. Daker's intentional misrepresentations to the court regarding his continued indigence. [3]

Specifically, upon conducting an examination of Mr. Daker's IFP motions in this and other cases, the magistrate judge found that Mr. Daker (1) owned a reinstated annuity contract with a cash value of more than $10,000; (2) was an account holder of a joint money market account, which he had not disclosed; (3) netted at least $36,000 in proceeds from the sale of his Gwinnett County, Georgia, home in August of 2018; (4) was an account holder of a previously undisclosed joint checking account at TD Bank; and (5) owned a rare, collectible video game console that, according to one of his other case filings, sold for $14,600 on eBay in April of 2018. In sum, the magistrate judge found that "at and around the time the court concluded that [Mr. Daker] could not pay a filing fee in this case, [Mr. Daker] had access to tens of thousands of dollars between his checking and savings accounts and his annuity contract."

---

[3] It is unclear whether the motion to vacate Mr. Daker's IFP status was pending in the Middle District of Georgia upon transfer. A review of the record indicates that the motion was not terminated in the Southern District; however, neither the Middle District magistrate judge's report and recommendation nor the district court's order adopting the report and recommendation indicates that it was ruling upon the motion. *See* D.E. 239 at 13 n.2.

As such, the magistrate judge found that Mr. Daker's "extensive history of deception" to the judiciary regarding his financial status evidenced his bad faith, and therefore, recommended that his complaint be dismissed with prejudice. The district court overruled Mr. Daker's objections and adopted the report and recommendation in full.

Mr. Daker now appeals, arguing that the district court in the Middle District of Georgia erred in reevaluating his *in forma pauperis* status upon transfer. He does not, however, dispute that he does in fact own or have access to the assets outlined in the magistrate judge's report and recommendation.

## II

We review the dismissal of the complaint under 28 U.S.C. § 1915(e)(2) for an abuse of discretion. *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016). We review questions of law *de novo*. *See Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007). And we review the district court's factual findings for clear error, *see FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1079–80 (11th Cir. 2016).

## III

The district court's dismissal of Mr. Daker's severed claims with prejudice was not an abuse of discretion. The district court had the authority and jurisdiction to act pursuant to § 1915(e)(2)(A) and Rule 11. We also reject Mr. Daker's newly raised contentions that the dismissal was barred either by the law of the case doctrine

or the doctrine of collateral estoppel. We summarily affirm on all other grounds.

## A

We address Mr. Daker's arguments regarding statutory authority and jurisdiction together. Mr. Daker argues that neither the pauper statutes (28 U.S.C. § 1914–1915) nor the Federal Rule of Civil Procedure on severance of claims (Rule 21) authorized the district court in the Middle District of Georgia to re-evaluate his prior claims of indigency. He also argues that a transferee court lacks jurisdiction to review orders of a transferor court. Both arguments miss the mark.

"There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. *See* 28 U.S.C. § 1915. When considering a plaintiff's motion to proceed *in forma pauperis*, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Though a court may look beyond the IFP application to determine the applicant's financial condition, *see Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982), the poverty requirement is generally met if the affidavit "represents that the litigant, because of his poverty is unable to pay for the court fees and costs, and to support and

provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307.

Nonetheless, notwithstanding a finding of indigency, § 1915(e)(2)(A) clearly states that a court "shall dismiss the case *at any time* if the court determines that . . . the allegation of poverty is untrue." (emphasis added). This is the beginning and end of Mr. Daker's appeal.

Though neither § 1915 nor Rule 21 expressly authorizes a new poverty inquiry upon transfer, neither prohibits the inquiry either. Indeed, § 1915(e)(2)(A)'s mandate of dismissal upon a finding—"at any time"—that the allegation of poverty is untrue reflects the statute's contemplation that a court is entitled to conduct additional inquiries into a plaintiff's IFP status throughout the course of litigation. *See also Camp*, 798 F.2d at 437 ("Similarly, [§] 1915(d), [now § 1915(e)(2)(A)], empowers the court to dismiss the complaint, if after granting *in forma pauperis* permission, the court later determines the action is frivolous or that the affidavit of poverty is untrue."); *Dawson v. Lennon*, 797 F.2d 934, 935–36 (11th Cir. 1986) (affirming dismissal with prejudice where magistrate judge initially granted *in forma pauperis* status and later determined that allegations of poverty were untrue).

Rule 11 also contains language authorizing a court to implement sanctions *sua sponte*, after notice and a reasonable opportunity to respond, where a party is found to have violated Rule 11(b), such as by filing a pleading containing a false factual representation where that party knew of, or did not reasonably inquire

into, the falsehood. *See* Fed. R. Civ. P. 11(c)(1); *Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017). Thus, the district court's authority to dismiss Mr. Daker's claims with prejudice is found in two independent sources, as described in the report and recommendation.

This also dictates our ruling on Mr. Daker's jurisdictional argument. Although it is true that a district court cannot perform an appellate function by directly reviewing the decision of another district court, the Middle District was not reviewing the IFP orders entered in the Southern District in any appellate capacity. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982); *Daker v. Bryson*, 841 F. App'x 115, 124 (11th Cir. Dec. 17, 2020) (unpublished). Rather, as already discussed, the Middle District was permitted to inquire into the veracity of Mr. Daker's IFP status pursuant § 1915(e)(2)(A) of its own accord.

## B

Mr. Daker's reliance on the law of the case and collateral estoppel doctrines fares no better.

For one, Mr. Daker failed to raise the law-of-the-case argument below. We therefore are not required to consider it. *See Ramirez v. Sec'y, Dept. of Trans.*, 686 F.3d 1239, 1249–50 (11th Cir. 2012). *See also* 11th Cir. R. 3-1 (failure to object to findings in accordance with provisions of 28 U.S.C. § 636(b)(1) generally waives the right to challenge on appeal the district court's order based on factual and legal conclusions to which no objection was timely

made). Even considering the argument, however, the doctrine is inapplicable to this case.

"Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990). Generally, the doctrine "requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision." *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir. 2001). The Southern District's IFP determinations are not "findings of fact and conclusions of law by an appellate court," and therefore, do not constitute the law of the case. *See Heathcoat*, 905 F.2d at 370. And in any event, generally the "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983). Here, as already discussed, that power emanates from § 1915(e)(2)(A)'s authorization for a court to inquire into a party's IFP status "at any time." Mr. Daker's contentions to the contrary are inapposite.

So too with his argument regarding the doctrine of collateral estoppel, which "refers to the effect of a judgment in foreclosing re-litigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Collateral estoppel, otherwise known as "issue preclusion," "means simply that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be

litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).

For one, even assuming Mr. Daker's indigency was "litigated" in the Southern District of Georgia—a contention we doubt given the defendant's motion to vacate his IFP status still pending at the time of transfer—the Southern District's initial determination is not a "valid and final judgment" subject to collateral estoppel. *See Dawson*, 797 F.2d at 936 (rejecting argument that "authoritative effect" of previous IFP determination constituted improper use of res judicata, noting "the record shows no merit to [plaintiff's] claim that those determinations were made on the merits of his claim rather than on his state of indigency"). *Cf. Holt v. Ford*, 862 F.2d 850, 854 n.8 (11th Cir. 1989) (en banc) (finding that a denial of leave to proceed IFP is, generally, immediately appealable under the collateral order doctrine); *Plaintiff A. v. Schair*, 744 F.3d 1247, 1252 (11th Cir. 2014) (stating that, under the collateral order doctrine, an order is immediately appealable if it conclusively settles a disputed question t*hat is separate from the merits* and effectively unreviewable on appeal from a final judgment (emphasis added)).

The Middle District was authorized to reevaluate the veracity of Mr. Daker's allegations of poverty pursuant to § 1915 and Rule 11. It was not barred from doing so statutorily,

jurisdictionally, or pursuant to the doctrines of collateral estoppel or the law-of-the-case. We reject Mr. Daker's arguments to the contrary. [4]

## C

We finally turn to Mr. Daker's contention that the district court abused its discretion by dismissing his case with prejudice. Dismissal with prejudice is "a drastic sanction to be imposed only if lesser sanctions are inadequate." *Camp*, 798 F.2d at 436. Nonetheless, "while dismissal of an action with prejudice is a sanction of last resort, it is appropriate in cases involving bad faith." *Dawson*, 797 F.2d at 935.

We have, on multiple occasions, previously upheld the dismissal of Mr. Daker's various complaints where the respective district courts have found his allegations of poverty to be untrue. *See, e.g.*, *Daker v. Warren*, 2023 WL 4560224, at *5–6 (11th Cir. July 17, 2023) (unpublished); *Daker v. Head*, 2022 WL 2903410, at *3 (11th Cir. July 22, 2022) (unpublished) (affirming dismissal with prejudice based on Mr. Daker's "blatant history of abuse" of the judicial system). *Cf. Daker v. Robinson*, 694 F. App'x 768, 769 (11th Cir. Aug. 7,

---

[4] We summarily reject Mr. Daker's additional contentions that the district court abused its discretion by not providing him copies of his own previous IFP affidavits, denying his request for an evidentiary hearing, and otherwise denying his requests for photocopies. We have rejected identical arguments from Mr. Daker in the past and do so again today. *See Daker v. Warren*, 2023 WL 4560224, at *6 n.4 (11th Cir. July 17, 2023); *Daker v. Head*, 2022 WL 2903410, at *5 (11th Cir. July 22, 2022).

2017) (Mem.) (affirming dismissal for failing to pay filing fees where magistrate judge found that Mr. Daker was not indigent). We do so again today.

The district court detailed the reasons why the allegations of poverty were untrue and outlined at length Mr. Daker's litigious history of bad faith in applying for *in forma pauperis* status in various courts throughout the Eleventh Circuit. Specifically, the district court highlighted Mr. Daker's payment of previous and subsequent filing fees (which we note he also paid in this appeal), as well as his undisclosed annuity contract, various undisclosed accounts, and undisclosed proceeds from the sale of his property. Mr. Daker claims he was not obligated to inform the court about changes to his financial status, but he is incorrect. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (IFP plaintiff had obligation under Rule 11 to "make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes" to his financial status); *Dawson*, 797 F.2d at 935 (upholding dismissal where plaintiff deliberately failed to advise the court of a prior determination that the plaintiff was not indigent).

## IV

The purpose of § 1915 is to "weed out the litigant who falsely understates his net worth in order to obtain *in forma pauperis* status to which he is not entitled." *Camp*, 798 F.2d at 438 n.3. Mr. Daker has once again shown himself to be such a litigant. Proceeding *in forma pauperis* is a privilege, and Mr. Daker has abused that privilege. The district court did not abuse its discretion in dismissing his

21-13169            Opinion of the Court                    15

severed complaint with prejudice either under § 1915 or alternatively under Rule 11. We affirm the district court's order.

**AFFIRMED.**